UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAIRO REYES, R-55153,
    PLAINTIFF,

— vs —

ILLINOIS DEPARTMENT OF CORRECTIONS
WARDEN MICHAEL P. ATCHISON, DIRECTOR
SALVADOR GODINEZ, WARDEN RICHARD
HARRINGTON, WARDEN KIMBERLY BUTLER,
ASSISTANT WARDEN WATSON, ASSISTANT
WARDEN JONES, MAJOR HASEMEYER,
MAJOR COWAN, MAJOR HUGHES, HEAD
OF INTELLIGENCE UNIT REICHERT,
INTERNAL AFFAIRS OFFICER JOSHUA
SHOENBECK, INTELLIGENCE COORDINATOR
RANDY CLARK, HEAD OF MENTAL HEALTH
REBECCA CREASON, COUNSELOR BARBARA
MUELLER, COUNSELOR JONAH HILL,
COUNSELOR BRAD BRAMLET, MAJOR
OLSON, GRIEVANCE OFFICER LORI
OAKLEY, GRIEVANCE OFFICER LINDA
CARTER, GRIEVANCE OFFICER MARVIN
BOCHANTIN, OFFICER JOHN/JANE DOES,
JOHN/JANE DOE'S DESIGNEES FOR
ABOVE DEFENDANTS, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY,

    DEFENDANTS

CASE NO. 16-826-NJR

JURY TRIAL DEMANDED

SCANNED at PCC and E-Mailed
07.01.16 (date) by [initials] (initials)
10 (# of pages)

PLAINTIFF, JAIRO REYES, ON PERSONAL KNOWLEDGE AS TO ITS OWN
ACTS AND UPON INFORMATION AND BELIEF FORMED AFTER
REASONABLE INQUIRY AS TO THE ACTS OF OTHERS, ALLEGES
AS FOLLOWS:

PRELIMINARY STATEMENT

1. THIS IS A CIVIL RIGHTS ACTION IN WHICH THE PLAINTIFF SEEKS RELIEF FOR THE DEFENDANTS' VIOLATION OF HIS RIGHTS SECURED BY 42 U.S.C. §§ 1983 AND 1985(3), AND THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. THE CLAIMS ARISE FROM A SERIOUS OF OCCURRENCES FROM APRIL 8, 2013, CONTINUING UNTIL DECEMBER 2, 2015 IN WHICH DEFENDANTS, AMONG OTHER THINGS, DENIED PLAINTIFF DUE PROCESS OF LAWS AND WERE DELIBERATELY INDIFFERENT TO OBJECTIVELY SERIOUSLY RISKS TO PLAINTIFF'S HEALTH, SAFETY AND WELL BEING. PLAINTIFF SEEKS A PRELIMINARY INJUNCTION, COMPENSATORY AND PUNITIVE DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AN AWARD OF COSTS AND ATTORNEYS' FEES, AND SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

## JURISDICTION AND VENUE

2. THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C. §§ 1983 AND THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. JURISDICTION IS CONFERRED UPON THIS COURT BY THE AFORESAID STATUTES AND 28 U.S.C. §§ 1331 AND 1343.

3. VENUE IS PROPER IN THIS DISTRICT PURSUANT TO 28 U.S.C. §§ 1391(6)(1) AS AT LEAST ONE DEFENDANT RESIDES IN THIS JUDICIAL DISTRICT, AND ALL PARTIES ARE RESIDENTS OF ILLINOIS.

## PARTIES

4. PLAINTIFF IS AN INMATE AT PONTIAC CORRECTIONAL CENTER, 700 WEST LINCOLN STREET, PONTIAC, ILLINOIS, 61764.

5. DEFENDANTS ARE EMPLOYEES OF THE ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC) WHO WERE EMPLOYED AT MENARD CORRECTIONAL CENTER, 711 EAST KASKASKIA STREET, MENARD, IL. 62259, AT ALL RELEVANT TIMES. DEFENDANTS ACTED IN THEIR OFFICIAL CAPACITY UNDER COLOR OF STATE LAW.

6. THE INDIVIDUAL DEFENDANTS ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

2.

## STATEMENT OF FACTS

### ADMINISTRATIVE DETENTION

7. ON OR ABOUT APRIL 8, 2013, THE PLAINTIFF WAS PLACED IN ADMINISTRATIVE DETENTION (HEREAFTER REFERRED TO AS A.D.) STATUS WITHOUT ANY FORMAL WRITTEN OR ORAL NOTICE OR A HEARING REGARDING HIS PLACEMENT AND MOVE TO A DIFFERENT AREA OF THE PRISON AT MENARD. THE DECISION TO PLACE THE PLAINTIFF IN A.D. WAS MADE BY DEFENDANT JOHN DOE OFFICERS. THIS DECISION WAS AFFIRMED BY DEFENDANT JOHN DOE OFFICERS.

8. UNDER 20 ILL. ADM. CODE SECTION 504.660 PLAINTIFF WAS ENTITLED TO A HEARING AFTER 90 DAYS TO DETERMINE IF HE SHOULD BE RELEASED FROM ADMINISTRATIVE DETENTION. HOWEVER, WARDEN ATCHISON IGNORED THOSE RULES AND INSTITUTED A POLICY THAT REQUIRED A MINIMUM 270 DAYS OF ADMINISTRATIVE DETENTION BEFORE ALLOWING PLAINTIFF AN OPPORTUNITY TO BE RELEASED FROM ADMINISTRATIVE DETENTION. THE WARDEN'S POLICY DICTATED THAT PLAINTIFF BE PLACED IN ADMINISTRATIVE DETENTION FOR THREE PHASES, EACH OF THEM LASTING 90 DAYS. AFTER THE FIRST 90 DAYS, PLAINTIFF WOULD BE GIVEN A HEARING TO DETERMINE IF HE COULD BE MOVED INTO THE NEXT PHASE, OR IF HE BE REQUIRED TO STAY IN THE SAME PHASE ANOTHER 90 DAYS. 90 DAYS LATER, PLAINTIFF WOULD BE GIVEN ANOTHER HEARING TO DETERMINE WHETHER HE WOULD BE MOVED TO THE NEXT PHASE, AND SO ON UNTIL PLAINTIFF HAD GRADUATED ALL THREE PHASES. TO BE RELEASED FROM THE DETENTION, PLAINTIFF WAS REQUIRED TO COMPLETE ALL THE PHASES SUCCESSFULLY. NOT ONLY DID IT TAKE A LITTLE OVER A YEAR FOR THE PLAINTIFF TO GET A HEARING AND TO KNOW WHY HE WAS IN ADMINISTRATIVE DETENTION, THE PLAINTIFF REMAINED IN ADMINISTRATIVE DETENTION UNTIL DECEMBER 2, 2015.

9. AFTER HE WAS PUT IN "A.D.", THE PLAINTIFF SUBMITTED NUMEROUS GRIEVANCES, LETTERS, AND ASKED ANYONE WHO CARED TO LISTEN WHY HE WAS PLACED IN A.D. DEFENDANT COUNSELOR JONAH HILL RESPONDED TO THE PLAINTIFF'S GRIEVANCE LISTED ON AUGUST 18, 2013. NOONE AT THE PRISON RESPONDED TO THESE REQUESTS UNTIL JUNE 25, 2014.

10. AFTER BEING PLACED IN A.D. AND NOT RECEIVING ANY RESPONSES TO HIS INQUIRIES, THE PLAINTIFF WAS SO FRUSTRATED THAT HE DECIDED TO GO ON HUNGER STRIKE TO PROTEST HIS CONDITIONS AND TO FIND OUT EXACTLY WHY HE WAS PUT IN A.D. EVEN AFTER THE HUNGER STRIKE, THE PRISON STILL DID NOT GIVE HIM OFFICIAL NOTICE OF HIS A.D. PLACEMENT UNTIL JUNE 25, 2014.

3.

11. Finally on June 25, 2014, the plaintiff received official notice regarding his A.D. placement by defendant Joseph Schoenbech. The written notice stated that "information from a confidential informant was received that Reyes directed other Latin Folks affiliates to assault staff at Menard". This was the first time in over fourteen (14) months that the plaintiff received notice as to the reason why he was in A.D. The plaintiff never gave any such orders to harm staff at Menard.

12. The plaintiff's first hearing was held on July 2, 2014, almost fifteen ('5) months after the plaintiff was initially placed in A.D., in front of the Menard A.D. committee that was comprised of defendants Warden Kimberly Butler, Assistant Warden Jones, Head of Intelligence Unit Officer Reichert, Major Hasemeyer, Internal Affairs Officer Joshua Schoenbech, Head of Mental Health Rebecca Creason and a John Doe from Springfield. During the hearing, the plaintiff explained that he was innocent of any misconduct.

13. On July 3, 2014, defendant Warden Kimberly Butler informed the plaintiff that, although it was decided by the defendants Warden Kimberly Butler, Assistant Warden Jones, Head of Intelligence Unit Officer Reichert, Major Hasemeyer, Internal Affairs Officer Joshua Schoenbech, Head of Mental Health Rebecca Creason, and John Doe from Springfield (committee members) to advance the plaintiff from Phase 1 to Phase 2 of A.D., these committee members decided that the plaintiff would continue to remain in A.D. Defendant Warden Kimberly Butler ultimately approved this decision.

14. On September 23, 2014, defendant Warden Kimberly Butler informed the plaintiff that, although it was decided by the committee members, defendant John Doe officers, to advance the plaintiff from Phase 2 to Phase 3 of A.D., these John Doe officers decided that the plaintiff would continue to remain in A.D. Defendant Warden Kimberly Butler ultimately approved this decision.

4.

15. THE PLAINTIFF'S GRIEVANCE WAS ULTIMATELY REJECTED BY THE ADMINISTRATIVE REVIEW BOARD, WHOSE FINDINGS WERE AFFIRMED BY DEFENDANT DIRECTOR SALVADOR GODINEZ. ON DECEMBER 10, 2014, DEFENDANT GRIEVANCE OFFICER MARVIN BOCHANTIN REFUSED TO GIVE MORE INFORMATION TO PLAINTIFF AS WELL AS EVIDENCE, PERTAINING TO PLAINTIFF'S PLACEMENT IN A.D. IN ADDITION, KNOWING THIS EVIDENCE TO BE INSUFFICIENT REGARDING PLAINTIFF'S PLACEMENT, HE STILL DECIDED TO KEEP PLAINTIFF IN A.D.

16. ON DECEMBER 16 2014, DEFENDANT WARDEN KIMBERLY BUTLER INFORMED THE PLAINTIFF THAT IT WAS DECIDED BY THE COMMITTE MEMBERS, DEFENDANTS ASSISTANT WARDEN WATSON AND INTELLIGENCE COORDINATOR RANDY CLARK, TO CONTINUE PLAINTIFF'S PLACEMENT IN PHASE 3 IN A.D. DEFENDANT WARDEN KIMBERLY BUTLER ULTIMATELY APPROVED THIS DECISION.

17. ON JANUARY 28, 2015, THE PLAINTIFF WROTE A GRIEVANCE TO PROTEST HIS CONTINUED PLACEMENT IN A.D., EXPLAINING THAT HE WAS PLACED AND REMAINED IN A.D. UNJUSTLY. DEFENDANT COUNSELOR BRAD BRAMLET REVIEWED HIS GRIEVANCE AND STATED THAT THE PLAINTIFF'S "ISSUE HAS PREVIOUSLY BEEN ADDRESSED AND WILL NOT BE REVISITED". EVEN THOUGH THE PLAINTIFF EXPLAINED HOW HIS PLACEMENT WAS UNJUST BECAUSE IT WAS BASED ON CONDUCT THAT HE DID NOT COMMIT, DEFENDANT COUNSELOR BRAD BRAMLET REFUSED TO EVEN REVISIT THE ISSUE. ON APPEAL, THE DECISION TO KEEP THE PLAINTIFF IN A.D. WAS AFFIRMED BY DEFENDANT LORI OAKLEY, WHICH WAS AFFIRMED BY DEFENDANT WARDEN KIMBERLY BUTLER.

## CONDITIONS IN ADMINISTRATIVE DETENTION AT MENARD C.C.

18. WHILE IN ADMINISTRATIVE DETENTION AT MENARD, PLAINTIFF WAS PLACED IN AN ISOLATED CELL AWAY FROM THE GENERAL POPULATION. THE CELL FRONT WAS DIFFICULT TO SEE AND HEAR THROUGH.

19. PLAINTIFF WAS FORCED TO LIVE IN CONDITIONS THAT WERE INDIFFERENT TO HIS HEALTH AND SAFETY. PLAINTIFF'S CELL DID NOT HAVE A LIGHT SWITCH IN IT, SO HE HAD NO CONTROL OVER THE LIGHTING IN HIS CELL. AT TIMES, PLAINTIFF'S LIGHTS WERE LEFT ON FOR EXTENDED PERIODS, WHILE AT OTHER POINTS THE LIGHTS WERE KEPT OFF. KEEPING THE LIGHTS ON DURING SLEEPING HOURS CAUSED PLAINTIFF SLEEP DEPRIVATION AND HEADACHES.

20. PLAINTIFF'S CELL DID NOT HAVE HOT WATER FOR OVER 10 MONTHS. MEMBERS OF THE CORRECTIONAL STAFF WERE AWARE OF THIS CONDITION PRIOR TO PLAINTIFF'S PLACEMENT IN ADMINISTRATIVE DETENTION. PLAINTIFF FILED GRIEVANCES TO MAKE STAFF AWARE OF THE LACK OF HOT WATER. THE LACK OF HOT WAS COMPOUNDED BY THE FACT THAT THERE WAS NO HEATING IN PLAINTIFF'S CELL DURING THE WINTER, AND HIS WINDOWS DID NOT SEAL OR CLOSE ALL THE WAY AND LEFT OPENINGS OVER 3 INCHES HIGH. AS A RESULT OF THE COLD WATER AND THE INADEQUATE WINDOWS AND HEATING, THE PLAINTIFF BECAME SICK. WHEN THE PLAINTIFF COMPLAINED IN THE FORM OF GRIEVANCES ABOUT THESE ISSUES, THE RESPONSE FROM DEFENDANT COUNSELOR BARBARA MUELLER WAS THAT "COLD WATER AND COLD AIR DOES NOT CAUSE COLDS, GERMS DO". DEFENDANT MUELLER DID NOT EVEN ATTEMPT TO ADDRESS THE PROBLEM. PLAINTIFF WAS ONLY ALLOWED TO ONE SHOWER A WEEK, AND HE WAS FORCED TO MAINTAIN HIS HYGIENE WITH ONLY COLD WATER DURING THE WINTER MONTHS.

21. IN SUMMER, THE CONDITIONS WERE EQUALLY UNBEARABLE. PLAINTIFF'S CELL WAS HOT, AND HE WAS DENIED ACCESS TO A FAN. INDUSTRIAL FANS WERE PROVIDED IN ALL OFF THE GALLERIES IN MENARD EXCEPT FOR THE ONES HOUSING PRISONERS IN ADMINISTRATIVE DETENTION. WHILE OTHER PRISONERS WERE GIVEN ICE WATER TWO TIMES A DAY, PLAINTIFF WAS DENIED ACCESS TO ICE WATER EXCEPT FOR THREE TIMES DURING THE ENTIRE LENGHT OF SUMMER.

22. AT TIMES, WATER WOULD LEAK IN THE VENTILATION OF PLAINTIFF'S CELL CAUSING IT TO SMELL LIKE MILDEW. PLAINTIFF DID NOT HAVE CLEANING SUPPLIES OR HOT WATER TO CLEAN THE SMELL. DESPITE THE FACT THAT RODENTS AND BUGS LEFT FECES IN HIS CELL, PLAINTIFF HAD NO BROOM OR MOP TO CLEAN HIS CELL, AND PLAINTIFF'S WING WAS ONLY SWEPT AND MOPPED A TOTAL OF FIVE TIMES A YEAR. THE PLAINTIFF SUBMITTED A GRIEVANCE REGARDING THIS ON SEPTEMBER 29, 2013 THAT WAS REJECTED BY DEFENDANT COUNSELOR JONAH HILL.

6.

23. Throughout his stay in A.D. at Menard, Defendants' Warden Michael P. Atchison, Warden Richard Harrington, Warden Kimberly Butler, Assistant Warden Watson, Assistant Warden Jones, Major Hasemeyer, Major Cowan, Major Hughes, Counselors Jonah Hill, Brad Bramlet, and Barbara Mueller, Grievance Officers Lori Oakley and Linda Carter, Director Salvador Godinez, and John Doe Officers were made aware through complaints and grievances, of these conditions and disregarded risk of harm to Plaintiff.

## Count 1
### (Due Process)

24. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

25. Defendants' Director Salvador Godinez, Warden Michael P. Atchison, Warden Richard Harrington, Warden Kimberly Butler, Assistant Warden Watson, Assistant Warden Jones, Major Hasemeyer, Major Cowan, Major Hughes, Counselors Jonah Hill, Brad Bramlet, and Barbara Mueller, Grievance Officers Lori Oakley, Linda Carter and Marvin Bochantin, Head of Mental Health Rebecca Creason, Head of Intelligence Unit Officer Reichert, Internal Affairs Officer Joshua Schoenbech, Intelligence Coordinator Randy Clark, Major Olson and John Doe Officers acts and omissions caused Plaintiff to be placed in Administrative Detention for an extended period of time. This imposes an atypical and significant hardship on Plaintiff in relation to the ordinary incident of prison life.

26. The Plaintiff spent more than a year without knowing what rule or infraction he had violated. Hence, he was not able to mount a defense against such accusations, in clear violation of his Due Process Rights. In addition, Defendants deliberately hid these accusations and evidence of this accusations from the Plaintiff despite his request, blatantly violating Plaintiff's Due Process Rights.

27. Even when the Plaintiff was finally allowed a hearing, he wasn't allowed to present sufficient evidence to rebut the Prisons allegations or presented with sufficient evidence against him, in clear violation of his Due Process Rights.

7.

28. DEFENDANTS' ACT OF PLACING PLAINTIFF IN ADMINISTRATIVE DETENTION WITHOUT A HEARING, WHERE PLAINTIFF WAS NOT GUILTY OF AN INFRACTION, IN VIOLATION OF 20 ILL. ADM. CODE 504.660, VIOLATES PLAINTIFF'S LIBERTY INTEREST AND DUE PROCESS RIGHTS SECURED UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

29. AS A PROXIMATE RESULT OF DEFENDANTS' CONDUCT, PLAINTIFF HAS SUFFERED DEPRIVATION OF THE RIGHT SECURED UNDER THE CONSTITUTION AND THE LAWS OF THE UNITED STATES. SUCH DEPRIVATIONS HAVE CAUSED IMMEDIATE AND IRREPARABLE INJURY. PLAINTIFF HAS NO ADEQUATE REMEDY AT LAW TO ADDRESS THE WRONGS DESCRIBED HEREIN.

## COUNT I

(DELIBERATE INDIFFERENCE TO AN OBJECTIVELY SERIOUS CONDITION AT MENARD)

30. EACH OF THE PARAGRAPHS IN THIS COMPLAINT IS INCORPORATED AS IF RESTATED FULLY HEREIN.

31. DEFENDANTS, DIRECTOR SALVADOR GODINEZ, WARDEN MICHAEL P. ATCHISON, WARDEN RICHARD HARRINGTON, WARDEN KIMBERLY BUTLER, ASSISTANT WARDEN WATSON, ASSISTANT WARDEN JONES, MAJOR HASEMEYER, MAJOR COWAN, MAJOR HUGHES, MAJOR OLSON, COUNSELORS JONAH HILL, BRAD BRAMLET, AND BARBARA MUELLER, GRIEVANCE OFFICERS LORI OAKLEY, LINDA CARTER AND MARVIN BOCHANTIN, HEAD OF MENTAL HEALTH REBECCA CREASON, HEAD OF INTELLIGENCE UNIT OFFICER REICHERT, INTERNAL AFFAIRS OFFICER JOSHUA SHOENBECH, INTELLIGENCE COORDINATOR RADY CLARK AND JOHN DOE OFFICERS, SUBJECTED PLAINTIFF TO CONDITIONS OF CONFINEMENT AT MENARD CORRECTIONAL CENTER THAT CONSTITUTED A DEPRIVATION OF BASIC HUMAN NEEDS, INCLUDING EXPOSURE TO, INFLICTION OF AND FAILURE TO ADDRESS THE FOLLOWING CONDITIONS:

   A. RATS, MICE, VERMIN AND OTHER INSECTS;
   B. EXCESSIVE COLD;
   C. INADEQUATE SANITATION, INCLUDING LACK OF HOT WATER, AND LACK OF ACCESS TO CLEANING SUPPLIES.
   D. INADEQUATE VENTILATION
   E. MOLD AND MILDEW.

32. THESE DEPRIVATIONS AND THE RISKS THEY POSED TO PLAINTIFF VIOLATE CONTEMPORARY STANDARDS OF DECENCY AND DENIED PLAINTIFF MINIMAL DECENCY CIVILIZED MEASURES OF LIFE'S NECESSITIES.

8.

33. This deprivation of basic human needs is serious and excessive, given that they pose serious harm or serious risk of harm to plaintiff's health and safety.

34. Despite having actual knowledge of the serious risks posed to plaintiff's health and safety, defendants disregarded those risks and took no actions to rectify them until eleven months after plaintiff was placed in those conditions. Even then, defendants only addressed plaintiff's lack of hot water. As such, defendants have acted with deliberate indifference toward serious deprivations of the plaintiff's basic human needs.

35. Defendants' actions have deprived the plaintiff of his right to be free from cruel and unusual punishment and demonstrate a reckless and callous disregard of his rights. As such, defendants have violated the rights of plaintiff protected by the Eighth Amendment to the United States Constitution and 42 U.S.C. §§ 1983.

## COUNT 3
### (Indemnification)

36. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

37. Illinois law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

38. The defendant officers are or were employees of the Illinois Department of Corrections who acted within the scope of their employment in committing the misconduct described therein.

9.

WHEREFORE, PLAINTIFF DEMANDS A JURY TRIAL AND THE FOLLOWING RELIEF JOINTLY AND SEVERALLY AGAINST THE DEFENDANTS:

A. COMPENSATORY DAMAGES IN AN AMOUNT TO BE DETERMINED BY A JURY;

B. PUNITIVE DAMAGES IN AN AMOUNT TO BE DETERMINED BY A JURY;

C. COSTS, INTEREST, AND ATTORNEY FEES;

D. PRELIMINARY INJUNCTION ENJOINING DEFENDANTS' CONTINUAL VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS;

E. SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM JUST AND PROPER, INCLUDING INJUNCTIVE AND DECLARATORY RELIEF.

RESPECTFULLY SUBMITTED

*Jairo Reyes*

JAIRO REYES
R-55153
PONTIAC L.C.
P.O. BOX 99
PONTIAC, IL. 61764

I, JAIRO REYES, CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE:
6-30-16

10.