IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAIRO REYES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv–0826−NJR |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| **MICHAEL P. ATCHISON,** | ) | |
| **SALVADOR GODINEZ,** | ) | |
| **RICHARD HARRINGTON,** | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **WATSON, JONES,** | ) | |
| **HASEMEYER, COWAN,** | ) | |
| **HUGHES, REICHERT,** | ) | |
| **JOSHUA SHOENBECK,** | ) | |
| **RANDY CLARK, REBECCA CREASON,** | ) | |
| **BARBARA MUELLER, JONAH HILL,** | ) | |
| **BRAD BRAMLET, OLSON,** | ) | |
| **LORI OAKLEY, LINDA CARTER,** | ) | |
| **MARVIN BOCHANTIN, JOHN DOE 1,** | ) | |
| **JOHN DOE 2, JOHN DOE 3, and** | ) | |
| **JOHN DOE 4,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jairo Reyes, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Menard Correctional Center. Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
   (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
      (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
      (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and the supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

According to the allegations of the complaint, John Doe 1 placed Plaintiff in administrative detention on April 8, 2013. (Doc. 1, p. 3). John Doe 2 approved the placement. (Doc. 1, p. 3). Plaintiff did not receive any formal written or oral notice or a hearing prior to the placement. (Doc. 1, p. 3). The Illinois Administrative Code directs that Plaintiff should have received a hearing after 90 days. (Doc. 1, p. 3). *See* 20 ILL. ADMIN. CODE § 504.660. But Warden

Atchison allegedly implemented a policy of not giving hearings until an inmate had been in administrative detention for 270 days. (Doc. 1, p. 3). Specifically, he created a three-tiered system of administrative detention where a hearing was held to determine whether an inmate should be stepped down to a less restrictive level every 90 days. (Doc. 1, p. 3). Plaintiff was ultimately not released from administrative detention until December 2, 2015. (Doc. 1, p. 3).

Plaintiff submitted grievances, including one dated August 18, 2013, regarding his placement to counselor Jonah Hill. (Doc. 1, p. 3). The Administrative Review Board ("ARB") ultimately rejected Plaintiff's grievance, and Godinez signed off on the grievance. (Doc. 1, p. 5). On December 10, 2014, the grievance officer, Marvin Bochantin, refused to give Plaintiff more information about his placement. (Doc. 1, p. 5). Counselor Brad Bramlet denied a grievance that Plaintiff wrote on January 28, 2015, on the grounds that it was duplicative of Plaintiff's other grievances. (Doc. 1, p. 5). Lori Oakley and Butler affirmed the grievance. (Doc. 1, p. 5).

Plaintiff was so frustrated by his placement in administrative detention that he went on a hunger strike. (Doc. 1, p. 3). Finally, on June 25, 2014, Plaintiff was given an official notice regarding his placement. The notice was signed by Shoenbeck and stated that "information from a confidential informant was received that [Plaintiff] directed other Latin Folks affiliates to assault staff at Menard." (Doc. 1, p. 4). This was the first time that Plaintiff was given any reason for his placement in administrative detention. (Doc. 1, p. 4). Plaintiff denies that he ever ordered Latin Folks to assault staff. (Doc. 1, p. 4).

A hearing was held on July 2, 2014, *fifteen months* after Plaintiff was placed in administrative detention. (Doc. 1, p. 4). The committee was comprised of Butler, Jones, Reichert, Hasemeyer, Shoenbeck, Creason, and John Doe 3. (Doc. 1, p. 4). Plaintiff told the committee that he was innocent. (Doc. 1, p. 4). The committee decided to advance Plaintiff from phase 1 to

phase 2. (Doc. 1, p. 4). On September 23, 2014, Plaintiff was informed that he would be advanced against from phase 2 to phase 3. (Doc. 1, p. 4). Plaintiff's placement was reviewed again on December 16, 2014, this time by Butler, Watson, and Clark, and they determined that Plaintiff should stay in phase 3. (Doc. 1, p. 5).

While in administrative detention, Plaintiff was isolated away from the rest of the population in a steel-door fronted cell. (Doc. 1, p. 5). The cell lacked hot water for approximately ten months. (Doc. 1, p. 6). Plaintiff filed grievances to Mueller and informed staff that he lacked hot water. (Doc. 1, p. 6). Plaintiff's cell also lacked heat, and it had a three inch gap in the window that would not close. (Doc. 1, p. 6). Plaintiff alleges that he became ill as a result of these conditions. (Doc.1, p. 6). In the summer, Plaintiff's cell was hot, and his wing did not have the same kind of industrial fans present on other wings. (Doc. 1, p. 6). Other prisoners were given ice water twice a day, but Plaintiff only received ice water three times over the course of the summer. (Doc. 1, p. 6). Water would also leak from the ventilation that smelled. (Doc. 1, p. 6). Plaintiff lacked cleaning supplies and found vermin and mice feces in his cell. (Doc. 1, p. 6). He submitted a grievance on this issue that was rejected by Counselor Hill. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 1:** **Plaintiff's Fourteenth Amendment due process rights were violated when Godinez, Atchison, Harrington, Butler, Watson, Jones, Hasemeyer, Cowan, Hughes, Hill, Bramlet, Mueller, Oakley, Carter, Bochantin, Creason, Reichert, Shoenbeck, Clark, Olson, and John Does 1-3 caused Plaintiff to be placed into administrative segregation for an extended period of time;**

>
> **Count 2:** Plaintiff was incarcerated in conditions of confinement that violate the Eighth Amendment's proscription on cruel and unusual punishment when he was subjected to vermin, excessive cold, inadequate sanitation, inadequate ventilation, mold, and mildew by Godinez, Atchison, Harrington, Butler, Watson, Jones, Hasemeyer, Cowan, Hughes, Olson, Hill, Bramlet, Mueller, Oakley, Carter, Bochantin, Creason, Shoenbeck, Clark, John Doe 4.
>
> **Count 3:** Claim for indemnification against all Defendants.

As an initial matter, Plaintiff cannot maintain this suit against the Illinois Department of Corrections. Not only has Plaintiff not directed any allegations towards that defendant, it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Thus, the Illinois Department of Corrections will be dismissed with prejudice from this suit.

As to **Count 1**, a liberty interest under the due process clause may be implicated when inmates are disciplined—if the discipline imposed infringes on rights protected "by the due process clause of its own force" or where the sanction imposed on him amounts to an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

In *Sandin,* the Supreme Court found that a thirty-day assignment to segregated confinement did not implicate a liberty interest under the Due Process Clause because it did not "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin,* 515

U.S. at 485. In *Wilkinson v. Austin,* the Court considered whether placement in an Ohio supermax facility, the Ohio State Penitentiary ("OSP"), triggered protections under the Due Process Clause. The Supreme Court concluded that the conditions at the Ohio supermax facility were an atypical or significant hardship on inmates in relation to the ordinary incidents of prison life, requiring that they be afforded due process before being transferred there. *Wilkinson v. Austin,* 545 U.S. at 224.

When a liberty interest is implicated, the Supreme Court has held that informal, non-adversarial procedures may suffice. *See Hewitt v. Helms,* 459 U.S. 460 (1983). At a minimum, informal due process requires "some notice" of the reasons for the inmate's placement. *Hewitt,* 459 U.S. at 476; *see also Westefer v. Snyder,* 422 F.3d 570, 590 (7th Cir. 2005) ("the district court will have to evaluate with particular care whether the prisoner is given sufficient notice of the reasons for his transfer to afford meaningful opportunity to challenge his placement . . . For those in administrative status, the lack of any pre-transfer hearing may require close examination.").

Plaintiff has alleged facts suggesting that the conditions in administrative detention at Menard are constitutionally deficient. In addition, he asserts that he was never afforded even minimal due process protections because he did not receive any notice until he had already been in administrative detention for over a year. Giving Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, his claim that Defendants transferred him to administrative detention at Menard without affording him minimum, informal due process states a plausible Fourteenth Amendment claim under the standards set forth in *Wilkinson v. Austin.* Plaintiff may proceed on this claim against Defendants Atchison, Harrington, Butler, Watson, Jones,

Hasemeyer, Cowan, Hughes, Carter, Creason, Reichert, Shoenbeck, Clark, Olson, and John Does 1-3.

**Count 1** will be dismissed with prejudice, however, as to Defendants Mueller, Hill, Godinez, Bochantin, Bramlet, Oakley, and Carter. Plaintiff has attempted to attach liability to these defendants based on their participation in the institutional grievance process. As an initial matter, although Plaintiff has tried to state a claim against Mueller in **Count 1**, he never alleges that she participated in grievances related to his placement in administrative detention, and a review of Plaintiff's exhibits shows that she did not sign off on any of the grievances that addressed the placement in administrative segregation. Thus it does not appear that Mueller had any involvement in Plaintiff's placement in administrative segregation. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Mueller will be dismissed with prejudice from **Count 1**.

As to the other grievance defendants, prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). While the Seventh Circuit has stated that a grievance may provide evidence of the requisite mental state for a deliberate indifference claim, here, subjective knowledge of the situation is not a requirement of a due process claim. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Plaintiff does not have a

claim against Defendants for his due process claim where their only involvement was responding to grievances. Therefore, Defendants Hill, Godinez, Bochantin, Bramlet, Oakley, and Carter will be dismissed from **Count 1** with prejudice.

As to **Count 2**, in order to prevail on a claim attacking the conditions of confinement, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceed the contemporary bounds of decency of a mature civilized society. *Id.* The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison–Bey v. Thieret,* 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner,* 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff also must demonstrate the subjective component of an Eighth Amendment claim. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson,* 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Wilson,* 501 U.S. at 303; *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Del Raine v. Williford,* 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer,* 511 U.S. at 842. A failure of prison officials to act

in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

It is well-established that inmates, under the Eighth Amendment, "have a right to protection from extreme cold." *See Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644.

Here, Plaintiff alleges that the heat in his cell was not working for several months in the middle of winter and that it was very cold. Furthermore, he was only allowed to shower once, maybe twice a week. The rest of the time, Plaintiff had to use the water from his sink to maintain his personal hygiene, but the hot water in the sink was not working. Thus, in order to stay clean, Plaintiff had to wash his body in a cold cell using cold water. Plaintiff also alleges that there was vermin in his cell and that he was not given adequate cleaning supplies. He also alleges that his cell did not have adequate ventilation and that water leaked into his cell. Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has adequately alleged facts suggesting that the conditions in his cell were "sufficiently serious." He also has alleged facts that, if true, would suggest that the conditions were caused by the acts or omissions of Defendants, whom he contends were notified of the conditions but failed to address the problems. At this juncture, more facts are needed to determine whether that was in fact the case.

At this time, Plaintiff may proceed on this claim against Defendants Atchison, Harrington, Butler, Watson, Jones, Hasemeyer, Cowan, Hughes, Hill, Mueller, Oakley, Carter,

and John Doe 4 in their individual capacities. Because this claim implicates the deliberate indifference standard, the Court will allow the claim to proceed against Defendants involved in the grievance process, specifically Mueller, Hill, Oakley, Harrington, and Carter. Defendant Godinez, Bramlet, and Bochantin, however, do not appear to have participated in responding to Plaintiff's grievances regarding his cell condition, as Plaintiff has not submitted any grievances which they reviewed or identified the grievances in his statement of claim. Therefore, Godinez, Bramlet, and Bochantin will be dismissed from **Count 2** with prejudice. Likewise, although he included them in his claim, Plaintiff did not actually allege that Olson, Creason, Shoenbeck, and Clark ever knew about his conditions of confinement. Therefore, there is no allegation that these defendants were personally involved in Plaintiff's conditions of confinement claim, and they must be dismissed without prejudice.

As to **Count 3**, this claim fails. While Plaintiff is correct that the State of Illinois has a statutory obligation to indemnify its employees, this is a legal conclusion, not a theory of relief. In dismissing this claim, the Court passes no judgment on whether or not the provisions cited by Plaintiff apply to Defendants; the Court is dismissing **Count 3** because it is not a separate substantive claim, and its inclusion as one will only cause unnecessary confusion without adding to the substance of the complaint.

### Pending Motions

Plaintiff's Motion to Appoint Counsel will be referred to a Magistrate Judge for disposition. (Doc. 3). The complaint also requests a preliminary injunction, but as Plaintiff is no longer incarcerated at Menard Correctional Center, he is not entitled to one. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Therefore, to the extent contains a request for a preliminary injunction, it is **DENIED**.

**Disposition**

IT IS HEREBY ORDERED that **Counts 1** and **2** survive threshold review. Count 1 proceeds against Defendants Atchison, Harrington, Butler, Watson, Jones, Hasemeyer, Cowan, Hughes, Creason, Reichert, Shoenbeck, Clark, Olson, and John Does 1-3. Defendants Mueller, Hill, Godinez, Bochantin, Bramlet, Oakley, and Carter are **DISMISSED without prejudice** from Count 1. Count 2 proceeds against Atchison, Harrington, Butler, Watson, Jones, Hasemeyer, Cowan, Hughes, Hill, Mueller, Oakley, Carter, and John Doe 4. Count 2 will be dismissed without prejudice against Godinez, Bramlet, Bochantin, Olson, Creason, Shoenbeck, and Clark. Defendants Godinez, Bramlet, and Bochantin will be **DISMISSED without prejudice** from this action. Defendant Illinois Department of Corrections is **DISMISSED with prejudice**. The Clerk of the Court is also **DIRECTED** to update Defendant Unknown Party to "John Doe 1," "John Doe 2," "John Doe 3," and "John Doe 4."

IT IS HEREBY ORDERED that **COUNT 3** fails to state a claim upon which relief may be granted, and thus it is **DISMISSED with prejudice**.

IT IS ORDERED that the Clerk of Court shall prepare for Defendants Atchison, Harrington, Butler, Watson, Jones, Hasemeyer, Cowan, Hughes, Reichert, Shoenbeck, Clark, Creason, Mueller, Hill, Olson, Oakley, and Carter: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant,

and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 26, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**